Robert V. Soderholm and Judy Soderholm v. Commissioner.
Soderholm v. Commissioner
Docket No. 6902-65.
United States Tax Court
T.C. Memo 1968-228; 1968 Tax Ct. Memo LEXIS 71; 27 T.C.M. (CCH) 1113; T.C.M. (RIA) 68228; October 3, 1968. Filed John C. Hannegan, for the petitioners. Thomas J. Stevens, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioners for the taxable year 1964 in the amount of $290.13. The only issue to be decided is whether respondent has erred in increasing *72 petitioner's gross income by an amount equal to amounts expended by petitioner's employer to defray the cost of moving their household to a new place of employment. All of the facts have been stipulated and we adopt such facts herein. Petitioners are husband and wife whose legal residence at the time of the filing of the petition herein was Bridgeton, Mo. They filed their joint Federal income tax return for the year 1964 with the district director at St. Louis, Mo. Prior to August 8, 1963, petitioners resided in South Acton, Mass., where Robert, the husband, was employed by the Raytheon Company of Bedford, Mass. On August 8, 1963, petitioners moved to Bridgeton where they established their residence on August 15 of that year. The move, including the transfer of their household belongings, was completed by December 11, 1963. Petitioners made the move in order that Robert might be newly employed by McDonnell Aircraft Corporation at St. Louis, Mo. He was so employed through the remainder of 1963 and throughout 1964. In July of 1963, McDonnell made arrangements with a moving company to transport petitioner's household goods from South Acton, Mass., to Bridgeton, Mo. The moving *73 company billed McDonnell for such transportation in the amount of $1,312.22 which McDonnell paid on January 20, 1964. During that month, petitioners reimbursed McDonnell "in the amount of $111.96, for part of the cost ($1,312.22) paid by McDonnell" for such transportation of their household goods. McDonnell included the remainder ($1,246.27) of such expense in the gross wages of Robert for the year 1964. This amount includes $46.01 paid by McDonnell to petitioners as meals and lodging expense during their move to Bridgeton. Petitioners claim a moving expense deduction of $1,358.23 which includes all three of the above amounts, the $111.96 amount being claimed as an unreimbursed expense. We must sustain respondent's determination here for the primary reason that no statute existed in 1963, 1964, or later which authorized such a deduction for expenses paid prior to January 1, 1964. The first 1114 statute authorizing a deduction for moving expenses came into being as a result of section 213(a) and (b) of the Act of February 26, 1964, Pub. L. 88-272, 78 Stat. 19, 50. The resulting amendment to the Internal Revenue Code of 1954 was new section 217(a) which provided: (a) Deduction *74 Allowed. - There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work. Petitioners have not furnished briefs herein and we are therefore unable to determine on what basis their claim for this deduction is made other than section 217(a) as set forth in the petition, and we know of none which would grant such a deduction on the facts before us. The expenses are clearly personal in nature and expressly nondeductible under section 262 of the 1954 Code. Decision will be entered for the respondent.